FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA LOUISE S., | No. 1:25-CV-03199-SAB |
| Plaintiff, | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **ORDER REVERSING THE DECISION OF COMMISSIONER** |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by L. Jamala Edwards and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 13 and the Commissioner's Brief, ECF No. 16.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the decision of the Commissioner.

## I.    Jurisdiction

In November 2021, Plaintiff filed an application for disability insurance benefits, alleging disability beginning February 15, 2021. Plaintiff's application was denied initially and on reconsideration. Plaintiff appealed that decision to the

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

Eastern District of Washington, which granted the parties' Stipulated Motion to Remand. On remand, the ALJ held a hearing on July 22, 2025. Plaintiff appeared and testified with the assistance of counsel Robert Tree. John MacLeod, vocational expert, also appeared. The ALJ issued a decision on August 28, 2025, finding Plaintiff was not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 4, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 2**

combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 3**

claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 4**

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 44 years old. She testified she experiences 1-2 migraine headaches a week, lasting for days and which requires her to be in a dark and quiet room. She has neck and back pain. She experiences diarrhea up to five times a day, along with stomach cramps. She gets nose bleeds because of her low platelets. Her depression has been worsening.

## V.     The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 869-883.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 15, 2021. AR 871.

At step two, the ALJ identified the following severe impairments: migraines, chronic pain, gastrointestinal disorder, spinal disorder, obesity, arrhythmia, fatty liver, and depression. AR 871.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 872. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can frequently climb ramps or stairs and occasionally climb ladders, ropes, or scaffolds. The claimant can frequently balance, stoop, kneel, crouch, and crawl. The claimant can have frequent exposure to hazards. The claimant can understand, remember, and carry out simple task. The claimant can have occasional interaction with coworkers and the general public.

AR 873.

At step four, the ALJ found Plaintiff was not able to perform past relevant work. AR 881.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including marker, sub-assembler, and router. AR 882. Consequently, the ALJ found Plaintiff was not disabled since February 15, 2021. AR 882.

## V.    Issues

1.  Whether to remand for additional proceedings or for an immediate award of benefits?

## VI.    Analysis

In its responsive briefing, the Commissioner agrees the ALJ committed reversible error, but asks the Court to remand to allow the ALJ to reevaluate the nature and severity of Plaintiff's idiopathic thrombocytopenia (ITP) and anemia; reevaluate the medical evidence, including the opinion of Dr. Thomas Genthe, Ph.D,, offer Plaintiff the opportunity for a new hearing, reassess her subjective complaint, reevaluate the residual functional capacity and issue a new decision.

The Court declines to do so. Rather, the record has been fully developed and further proceedings would serve no useful purpose. The ALJ failed to give legally sufficient reasons for rejecting the evidence, and the improperly discounted evidence would compel a finding of disability. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Court notes Plaintiff's case has already been remanded once to give the Commissioner the opportunity to properly conduct a hearing. A second remand is not necessary.

Notable, the medical opinions, if they were properly credited, compel a finding of disability. This includes Dr. Genthe; Nurse Practitioner McDonald, Dr. Madej, and Dr. Hacker. If the ALJ incorporated Dr. Genthe's attention and concentration limitations into the RFC, it is clear she would be found disabled. Moreover, the record is clear that Plaintiff would experience absenteeism, and would need to lie down during the day, as well as take additional breaks, which would preclude full-time employment.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

## VII.  Conclusion

A remand is not necessary because it is clear if the medical opinions were properly evaluated, Plaintiff would be found disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1.    For court management purposes, Plaintiff's Opening Brief, ECF No. 13, is **GRANTED**.

2.    For court management purposes, the Commissioner's Brief, ECF No. 16, is **DENIED.**

3.    The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4.    Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 23rd day of June 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7